UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY BRIAN MALLGREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-03040 (UNA) |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has filed a Complaint ("Compl."), ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application, and as discussed below, dismisses this matter for failure to meet the minimal pleading requirements set forth by Federal Rule 8(a).

Plaintiff, a resident of the District of Columbia, sues the United States and the District of Columbia. *See* Compl. at 1. The Complaint is an undeveloped laundry list of either tenuously connected or entirely disconnected claims. *See generally id*. He first alleges that he "financed a land plot in Texas . . . [and] submitted a construction loan application" to United Home Mortgage for a USDA insured loan. *See id*. at 1. It is unclear when he submitted this loan application—indeed, no supporting details provided—and United Home Mortgage is not a defendant to this action. Plaintiff contends that, since the application's submission, United Home Mortgage has been unresponsive, as has the Ohio Attorney General, the D.C. Attorney General, and the Texas Attorney General, all of whom he apparently contacted, at an unknown time, for assistance. *See id*.

Next, Plaintiff pivots topics, asserting that his land plot in Texas "is currently inflicted by compliance code mandating the survey and installation of a septic tank . . . by a state certified professional." *See id*. at 2. He fundamentally disagrees with this requirement because the "World Health Organization has stated the viability and safety of methods of waste management other than Septic Mandate." *See id.* He has also reached out to vocational rehabilitation services in the District of Columbia, New York, and Florida, as well as the Small Business Administration, to "obtain State Land Certificate credentials," ostensibly to attempt to handle this "septic requirement" personally, but he has been unsuccessful in connecting with those entities. *See id*. He then asserts that he has "exhausted" his claim through "standard social media platforms, community forums, professional and education social events." *Id*.

Finally, apropos of nothing, Plaintiff states that he "requested a passport, though the UNITED STATES STATE DEPARTMENT has said that even for travel within 3 days, the application cannot be processed until a letter is received and responded to, which may take up to two weeks to receive." *See id*. He demands training through vocational rehabilitation to obtain his "State Land Certificate," in Texas, "business services" and "federal social activities," removal of all U.S. Attorney Generals from their positions, and "facilitation of or processing [the United Home Mortgage] construction loan." *See id*.

*Pro se* litigants must comply with the Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987), and here, the Complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8

standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Here, the allegations cannot be described as clear and direct, *see* Fed. R. Civ. P. 8(d)(1), and are not properly limited to a single set of circumstances, *see* Fed. R. Civ. P. 10(b). When, as here, a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated," it does not fulfill the requirements of Rule 8. *Jiggetts v. Dist. of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. Dist. of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). Put differently, "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (cleaned up). Plaintiff's Complaint falls squarely into this category. It is vague and haphazard, comprised of a hodgepodge of grievances, failing to establish the duty, if any, of the Defendants, to afford him the relief sought, and further failing to provide adequate notice of a cogent claim.

Accordingly, this matter is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: November 24, 2025

TREVOR N. McFADDEN
United States District Judge